Filed 05/17/24

VERMONT SUPERIOR COURT
Caledonia Unit
1126 Main Street Suite 1
St. Johnsbury VT 05819
802-748-6600
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 21-CV-01117

| Daniel Shaffer v. Northeast Kingdom Human Services, Inc. |
|---|

## ENTRY REGARDING MOTION

Title:          Motion to Amend Answer (Motion: 22)
Filer:          Richard J. Windish
Filed Date:     May 13, 2024

The motion is GRANTED.

Defendant NKHS, the sole remaining Defendant in this matter seeks to amend its answer and include an affirmative defense of set-off.  Under Rule 15, the Court has discretion to allow an amendment, even on the eve of trial, so long as the claim is meritorious (futility of amendment); is not the result of undue delay; is not the result of bad faith; and (4) does not prejudice the opposing party by its addition.  *Colby v. Umbrella, Inc.*, 2008 VT 20, ¶ 4.  The purpose of Rule 15's generous amendment standard is to provide the greatest opportunity to have each claim decided on the merits; to give reasonable notice of the claim or defense; and to enable parties to assert matters that were overlooked, unknown, or unavailable at the time responsive pleadings were filed.  Id.

In this case, there is not a dispute that Defendant NKHS is entitled to a set-off claim as a joint tortfeasor.  *Slayton v. Ford Motor Co.*, 140 Vt. 27, 29 (1981).  While the claims to set-off were inherent in this case from the beginning, the need for a separate affirmative defense was not as clear.  As three joint tortfeasors, the original Defendants would have been able to argue their own specific liability at trial.  Now that two of the parties have settled, NKHS is the proverbial cheese that stands alone, and it is entitled to claim set-off from any judgment rendered against it as a joint-tortfeasor. Id.

Because this defense is neither entirely new, there is no prejudice to Plaintiff to allow the amendment.  Moreover, the defense does not directly go to Plaintiff's central claim of damages. Nothing about the defense of set-off would reduce this claim.  Instead, this is Defendant's right to

reduce any judgment rendered on the claim of total damages against what has already been paid. *Heco v. Midstate Dodge LLC*, 2013 WL 2155550, at \*6 (Vt.Super. May 15, 2013) (Crawford, J.):

Finally, the Cour finds neither undue delay, nor bad faith in the present amendment. Defendant NKHS was anticipating going forward to trial with at least one other defendant but actions by that defendant and Plaintiff have eliminated Heartbeet, leaving NKHS as sole defendant to a set of allegations that tie NKHS to a claim arising from the interplay of allegations between three different actors.

## ORDER

For these reasons, the Court finds that the proposed Amendment filed and sought by NKHS is allowable and consistent with V.R.C.P. 15.

Electronically signed on 5/16/2024 11:43 PM pursuant to V.R.E.F. 9(d)

_____
Daniel Richardson
Superior Court Judge